UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DVISION

| | |
|---|---|
| ERNEST C. BROWN, )<br>        Plaintiff, )<br>) <br>vs. )<br>)<br>THOMAS J. DART, Sheriff of )<br>Cook County; BILQIS JACOBS-EL,)<br>Director Cook County Department )<br>of Facilities Management; and )<br>CARA SMITH, Executive Director )<br>of Cook County Department of )<br>Corrections )<br>)<br>        Defendants. ) | CASE No.: 14 C 3032<br><br>Hon. John Z. Lee |

**FIRST AMENDED COMPLAINT**

Plaintiff ERNEST C. BROWN (hereinafter "Brown"), by and through his attorneys, hereby complains of the Defendants THOMAS J. DART, BILQIS JACOBS-EL and CARA SMITH as follows:

**NATURE OF THE ACTION**

1. This is a civil action arising out of Defendants subjecting Brown to inhumane and unlawful conditions of confinement in Division 6 of the Cook County Jail, located at 2700 South California Avenue, Chicago, Illinois ("Division 6") in 2014.

2. Based on the sufficiently serious and unlawful conditions of confinement and the Defendants' deliberate indifference to these conditions, Brown petitions this Court to enforce his rights under the United States Constitution and 42 U.S.C. § 1983.

## PARTIES

3. Brown is a resident of the State of Illinois, previously incarcerated by the Illinois Department of Corrections ("IDOC"), and currently residing in Chicago Heights, Illinois.

4. Defendant Thomas J. Dart is an individual who, at all times relevant hereto, was elected Cook County Sheriff, an office of Cook County, Illinois, and was responsible for maintaining the custody, safety, and well-being of the inmates at the Cook County Jail. Dart is being sued herein in his individual and official capacity.

5. Defendant Bilqis Jacobs-El was at all times relevant herein the Director of the Cook County Department of Facilities Management, and responsible for maintaining adequate heat and sanitary conditions at the Cook County Jail. Jacobs-El is being sued herein in her individual and official capacity.

6. Defendant Cara Smith was at all times relevant herein the Executive Director of the Cook County Department of Correction, and was responsible for the safety and well-being of the inmates at the Cook county Jail. Smith is being sued herein in her individual and official capacity.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States.

8. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1343 because Brown seeks redress for civil rights violations under 42 U.S.C. § 1983.

9. Supplemental jurisdiction for the pendant state claim is appropriate pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as all relevant events giving rise to Brown's claims occurred in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

11. Brown was taken into custody on February 12, 2014, and was incarcerated in Division 6 for substantial periods of time in early 2014 and late 2014.

12. At all relevant times to this lawsuit, Defendants had the charge and custody of the Cook County Jail and formulated and oversaw policies, practices, regulations, protocols, and customs therein and had the authority for hiring, screening, training, supervising, and disciplining of deputies, corrections officers, maintenance and medical staff.

13. At all times relevant to this lawsuit, Defendants had knowledge of the inhumane conditions of Division 6 and was deliberately indifferent to those conditions and the risks posed to inmates' health, safety, and well-being.

14. As of May 13, 2010, Defendants became subject to an Agreed Order entered by this Court in the matter of *United States of America v. Cook County, Thomas Dart, et. al.,* Northern District of Illinois Case No. 10-cv-02946 (the "Consent Decree").

15. The purpose of the Consent Decree was "to protect the constitutional rights of the inmates" at the Cook County Jail, located at 2700 South California Avenue, Chicago, Illinois ("CCJ"). Division 6 is a subdivision of the CCJ.

16. The Consent Decree imposes numerous requirements on the Cook County Department of Corrections (hereinafter, the "CCDOC"), which administers all corrections and security functions at the CCJ under Defendants.

**Brown Incarceration**

17. Brown was placed in custody on February 12, 2014, and was confined in Division 6 on February 21, 2014, and on November 28, 2014, for more than three weeks.

**Conditions of Confinement**

18. During his period of confinement in Division 6, Brown was denied adequate shelter, sanitation, clothing, food, medical care and other adequate living conditions and suffered multiple deprivations of basic human needs.

19. Brown's cell did not have sufficient heat. The lack of heat exposed Brown to freezing cold conditions and the substantial medical risks associated with exposure to cold temperatures.

20. During his confinement, the toilets, sinks and showers were inoperable for long periods of time. The shower stalls were infested with drain flies and were covered with unsanitary mold and mildew. Lime covered the shower heads and drinking fountains.

21. Brown's cell and areas of Division 6 were infested with roaches and mice. There were dead mice in the living quarters and live mice in the cells and dayroom.

22. Brown was provided with inadequate shoes that resulted in pain in his feet, neck and back.

23. Brown was required to sleep on a thin, inadequate mattress on a hard surface and suffered bed sores and significant injuries to his back, hips, and shoulders.

24. Brown did not receive prompt or adequate medical attention when pre-existing nerve damage to his hand was aggravated by a fall from the top bunk bed in his cell.

25. Brown received inadequate food, medication and medical treatment.

26. Brown's rights were further denied because he was charged for goods he did not receive and was denied access to the law library and religious services.

27. Brown filed grievances and exhausted all administrative remedies, but received no adequate reprieve from the deplorable conditions in Division 6.

## Deliberate Indifference

28. Defendants shared the responsibility to address inadequate living conditions within the Cook County Jail and Division 6.

29. Defendants had notice of a systemic pattern of deplorable conditions in Division 6 suffered by Brown and others, but ignored court decrees, guidelines and directives, and insufficiently responded to correct or alleviate these conditions after notice from Brown and other inmates.

30. Brown and others repeatedly notified Deputy Cook County Sheriffs on many occasions of these problems but did not receive timely or meaningful response, repair or attention, demonstrating an institutional practice of delay and neglect despite knowledge of the deplorable, uninhabitable and unsuitable living conditions.

31. The deplorable conditions in Division 6 suffered by Brown and other inmates were so common, widespread and well settled as to constitute a custom or practice known to Defendants, who failed to take appropriate steps to protect Brown and other inmates, and who were deliberately indifferent to the known and obvious consequences and harm caused by these conditions.

32. Defendants' systemic and deliberate indifference to inadequate shelter, sanitation, clothing, food, medical care and other living conditions was a moving force behind the harm and injuries suffered by Brown and others from the deplorable conditions in Division 6.

**<u>Violation of Civil Rights under the Eighth Amendment,
Fourteenth Amendment, and 42 U.S.C. § 1983</u>**

33. The Eighth Amendment, as applied to the states by the Fourteenth Amendment prohibits cruel and unusual punishment.

34. By the foregoing acts, Defendants deprived Brown of his constitutional right to be free from cruel and unusual punishment.

35. The Defendant' actions and omissions, coupled with the inhumane and unlawful conditions of confinement, exceeded the objective bounds of decency of a civilized society and deprived Brown of the minimal civilized measures of life's necessities and basic human needs.

36. Defendants were made aware of, and had knowledge of, the substantial risks faced by Brown in Division 6.

37. The Defendants disregarded and turned a blind eye to the risks faced by Brown in Division 6.

38. The Defendants' actions and omissions, which were undertaken individually and under color of state law, manifested deliberate indifference to Brown's constitutional rights, in violation of 42 U.S.C. § 1983.

39. Defendants were personally and officially responsible for causing the violation of Brown's constitutional rights.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. An award of compensatory damages to Plaintiff Ernest C. Brown and against Defendants in the amount of $10,000,000.00;

B. An award of punitive damages to Plaintiff Ernest C. Brown and against Defendants in the amount of $10,000,000.00;

  C. An award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 1997e(d), or any other applicable law; and

  D. Any other relief to which Plaintiff is entitled.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Ernest C. Brown demands a trial by jury of all issues triable of right by a jury.

    Respectfully Submitted,

    ERNEST BROWN,

    By: *[s]*Mark V.B. Partridge_____
      One of his Attorneys


Mark V.B. Partridge
Mark@PartridgePartnersPC.com
PARTRIDGE PARTNERS PC
321 North Clark Street, Suite 720
Chicago, Illinois 60654
Ph: (312) 634-9501