IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST C. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 3032 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| THOMAS DART, Sheriff of Cook County; BILQIS JACOBS-EL, Director of the Cook County Department of Facilities Management; and CARA SMITH, Executive Director of Cook County Department of Corrections, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ernest Brown was incarcerated in the Cook County Jail (CCJ) for several weeks in 2014. He brings suit under 42 U.S.C. § 1983 against Defendants Thomas Dart, Bilqis Jacobs-El, and Cara Smith, alleging deliberate indifference to the unconstitutional conditions of his confinement. Defendants have filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) seeking to dismiss Plaintiff's First Amended Complaint for failure to state a claim. For the reasons set forth below, Defendants' motion to dismiss is denied.

**Factual Background**[1]

Plaintiff was incarcerated within Division 6 of the CCJ for three weeks in February and November of 2014. Am. Compl. ¶ 17, ECF No. 39. Throughout

---

[1] The following facts are taken from the First Amended Complaint and are assumed true on review of Defendants' motion to dismiss. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

Plaintiff's incarceration, Defendant Dart was the Sheriff of Cook County, Defendant Jacobs-El was the Director of the Cook County Department of Facilities Management, and Defendant Smith was the Executive Director of the Cook County Department of Corrections (CCDOC). *Id*. ¶¶ 4–6.

Plaintiff alleges that he was subjected to unconstitutional conditions of confinement. Specifically, he alleges that his cell had inadequate heating, that he and other inmates had inadequate access to hygienic facilities like toilets, sinks, and showers, and that those same hygienic facilities were overrun with mold, mildew, lime, and drain flies. *Id*. ¶¶ 19–20, 29. Moreover, according to Plaintiff, mice and cockroaches were present throughout Division 6, including in Plaintiff's cell, *id*. ¶ 21, and he was provided inadequate shoes and an inadequate mattress, which caused him to sustain various stress injuries. *Id*. ¶¶ 22–23. In addition, Plaintiff was denied sufficient food, as well as prompt and adequate medical treatment for various injuries that occurred during his incarceration (including the stress injuries and a separate hand injury). *Id*. ¶¶ 24–25. Last, Plaintiff alleges that he was charged by the commissary for goods that he did not receive, that he was denied access to the law library, and that he was denied access to the religious services of his choice. *Id*. ¶¶ 26–27.

During his stay in Division 6, Plaintiff filed multiple grievances detailing complaints about conditions within the CCJ. *See id*. ¶¶ 27, 29–30. He alleges that Defendants and the CCJ staff did not substantively respond to those grievances or remedy the referenced conditions. *See id*. He also asserts that "others repeatedly

2

notified Deputy Cook County Sheriffs on many occasions" of the conditions within the CCJ. *Id.* ¶ 30. The other inmates received similarly inadequate responses. *Id.* ¶¶ 29–30.

On November 21, 2016, Plaintiff filed a First Amended Complaint bringing a single count under 42 U.S.C. § 1983 against Defendants Dart, Jacobs-El, and Smith in their individual and official capacities. He claims that he was subjected to unconstitutional conditions of confinement during his incarceration in Division 6, and he argues that Defendants were deliberately indifferent to these conditions in violation of his Eighth Amendment rights. Defendants have moved to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

## **Legal Standard**

A motion brought under Rule 12(b)(6) challenges the sufficiency of the complaint. *Bell v. City of Country Club Hills*, 841 F.3d 713, 716 (7th Cir. 2016). Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (internal quotation marks omitted). "In determining a complaint's sufficiency, [a court will] construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the nonmovant's] favor." *Zahn*, 815 F.3d at 1087 (internal quotation marks omitted).

A complaint, however, must still contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Furthermore, a court need not "accept as true any legal assertions or recitals of the elements of a cause of action supported by mere conclusory statements." *Zahn*, 815 F.3d at 1087 (internal quotation marks omitted).

## Analysis

### I. Individual Capacity Claims

In bringing his individual capacity claims, Plaintiff alleges that each of the Defendants acted with deliberate indifference to the conditions of his confinement, in that they ignored court decrees, guidelines and directives, and inmate grievances—including Plaintiff's own grievances—describing the objectively unconstitutional conditions within Division 6. Am. Compl. ¶¶ 29–31. Defendants have moved to dismiss the individual capacity claims against them, arguing that they cannot be held personally liable to Plaintiff for the conditions of his confinement. Defs.' Mot. Dismiss at 5–6, ECF No. 52. Specifically, Defendants contend that Plaintiff has failed to allege that they possessed subjective knowledge of the conditions that he faced, because he only attributed knowledge of "general facts" to them in his complaint. *Id.* Where those "general facts" involve systemic conditions throughout Division 6, however, Defendants are mistaken. As such,

4

accepting the complaint's allegations as true, the Court finds that Plaintiff has stated a plausible claim for relief.

In order to state a claim for unconstitutional conditions of confinement, Plaintiff must allege that (1) there was an objectively serious deprivation "result[ing] in the denial of the minimal civilized measure of life's necessities," and (2) the defendant prison officials were "deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal quotation marks omitted).[2] Deliberate indifference to an unconstitutional prison condition may be found where an official knows about the condition and "facilitates, approves, condones, or turn[s] a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015) (internal quotation marks omitted).

A plaintiff bringing a § 1983 claim against a defendant in his individual capacity "may not rely on a theory of respondeat superior" to establish culpability and "must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Id.* at 781. In evaluating a deliberate indifference claim under Rule 12(b)(6), "the personal involvement of senior jail officials, such as Sheriff Dart, can be inferred [when] . . . the plaintiff alleges 'potentially systemic,' as opposed to 'clearly localized,' constitutional violations." *Smith v. Dart*, 803 F.3d 304, 309 n.2 (7th Cir. 2015) (quoting *Antonelli v. Sheahan*, 81 F.3d 1422, 1428–29 (7th Cir. 1996)).

---

[2] Defendants have not challenged the sufficiency of Plaintiff's individual capacity claims with respect to the first prong, so the Court need not address that issue here.

Although no bright-line test determines when a condition is "potentially systemic" rather than "clearly localized" for purposes of deciding a motion to dismiss, precedent provides guidance on this issue. For instance, the Seventh Circuit has indicated that allegations of pest infestations or nutritionally inadequate food may be sufficient to state a claim based on systemic conditions, because such conditions are unlikely to affect only one inmate in isolation. *See Antonelli*, 81 F.3d at 1427–29; *Smith*, 803 F.3d at 312–13. District courts have applied similar logic in concluding that inadequate access to toilet facilities and inadequate heating should be treated as "potentially systemic" conditions at the motion to dismiss stage. *See, e.g.*, *Moghaddam v. Godinez*, No. 14 C 7275, 2015 WL 300468, at *2 (N.D. Ill. Jan. 15, 2015); *Lieberman v. Budz*, No. 00 C 5662, 2010 WL 369614, at *7 (N.D. Ill. Jan. 28, 2010). In still other decisions, courts have inferred the existence of systemic conditions based upon allegations of generally unsanitary conditions, *Burton v. Dart*, No. 14 C 10297, 2015 WL 5175143, at *3 (N.D. Ill. Sept. 3, 2015), inadequate shoes, *Riley v. Williams*, No. 14 C 3780, 2015 WL 6955491, at *2 (N.D. Ill. Nov. 9, 2015), contaminated food, *id.*, unheated showers, *Lieberman*, 2010 WL 369614, at *7, and inadequate access to hygienic products, *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999).

Here, Plaintiff's allegations are sufficient to state a conditions of confinement claim against Defendants in their individual capacities. First, Plaintiff has alleged that Defendants had overlapping responsibility for supervising the conditions and policies of the CCJ during his incarceration in their respective roles as the Sheriff,

the Director of the Department of Facilities Management, and the Executive Director of the Cook County Department of Corrections.³ Am. Compl. ¶¶ 4–6. He further alleges that, by virtue of these roles, Defendants had notice of the conditions within Division 6. *Id.* ¶ 29. Supervisors such as "the Sheriff and the Director of the Jail can realistically be expected to know about or participate in creating systematic jail conditions." *Sanders*, 198 F.3d at 629 (citing *Antonelli*, 81 F.3d at 1428). Thus, to the extent Plaintiff's complaint describes systemic conditions in the CCJ, his individual capacity claims are sufficient to meet the subjective-awareness prong of the deliberate indifference test.

Second, Plaintiff's complaint does, in fact, describe systemic unconstitutional conditions of confinement. His single-count complaint includes allegations of inadequate shelter (ranging from insufficient heating to an inadequate mattress), inadequate sanitation (including nonfunctioning toilets, showers, and sinks, moldy hygienic facilities, and pest infestations), inadequate clothing, and inadequate food. Am. Compl. ¶¶ 18–26. Drawing reasonable inferences in Plaintiff's favor, his allegations regarding the conditions in Division 6 imply systemic concerns for the CCJ, because these kinds of conditions were unlikely to affect Plaintiff in isolation. *See, e.g.*, *Smith*, 803 F.3d at 312 (finding nutritionally inadequate food potentially systemic); *Antonelli*, 81 F.3d at 1428–29 (finding pest infestation potentially

---

³ It is possible that not every Defendant necessarily had supervisory control over every unconstitutional condition that Plaintiff alleges. For example, if the Department of Facilities Management and the CCDOC have discrete spheres of responsibility with regard to the CCJ, some conditions might implicate one Defendant but not the others. Defendants' motion to dismiss, however, failed to contest the conditions separately with respect to each Defendant. As such, the Court declines at this time to delineate between conditions and officeholders at a more granular level.

systemic); *Moghaddam*, 2015 WL 300468, at *2 (finding inadequate access to hygienic facilities potentially systemic); *Jones v. Sheahan*, 2001 WL 1230551, at *6 (N.D. Ill. Oct. 15, 2001) (finding inadequate heating potentially systemic).[4]

Because Plaintiff has alleged systemic conditions of confinement, his complaint sufficiently implicates Defendants' awareness of these conditions and the risks that they imposed on inmates, at least for purposes of deciding this motion to dismiss. *See Antonelli*, 81 F.3d at 1428–29. Thus, while Plaintiff will bear the burden of proving his allegations as this litigation progresses, he has sufficiently articulated claims for relief to proceed at this stage. The Court therefore denies Defendants' motion to dismiss Plaintiff's individual capacity claims.

## II.   Official Capacity Claims

Plaintiff has also brought claims against Defendants in their official capacities. He argues that Defendants were engaged in a tacit practice of turning a blind eye to unconstitutional conditions within the CCJ, thus permitting the conditions to persist. Am. Compl. ¶ 30. Defendants contend that Plaintiff's official capacity claims suffer two fatal shortcomings. First, they argue that the complaint lacks sufficient factual matter to support allegations of a pattern or policy of

---

[4] Standing alone, some of the conditions described in Plaintiff's complaint may not support an inference of systemic conditions of confinement. Take, for example, his allegations regarding the commissary charges for goods he did not receive, as well as the denial of access to religious services and the law library. *See, e.g.*, *Antonelli*, 81 F.3d at 1429 (finding that denial of plaintiff's request to attend religious services was "clearly localized"). However, Plaintiff's First Amended Complaint contains only a single, generalized conditions of confinement claim, without separate counts for each condition. Defendants' motion to dismiss likewise refers to the conditions in the aggregate and does not contest them individually. As such, the Court is reluctant to carve out portions of Plaintiff's claim at this stage, given that the parties themselves have declined to do so.

ignoring jail conditions. Defs.' Mot. Dismiss at 7. Second, they contend that Plaintiff's allegations cannot support a reasonable inference that other inmates were affected by the conditions, which in turn undermines Plaintiff's assertion that the conditions were widespread. *Id.* at 9. For the reasons set forth below, however, the Court finds that Plaintiff has stated claims against Defendants in their official capacities and therefore denies Defendants' motion to dismiss with respect to those claims.[5]

Under *Monell v. Department of Social Services of New York*, a plaintiff may bring a § 1983 claim against a municipal entity or a municipal public official in his official capacity. 436 U.S. 658, 690 & n.55 (1978). Just as with an individual capacity claim premised on a defendant's deliberate indifference to unconstitutional conditions of confinement, an official capacity conditions of confinement claim requires showing that (1) "the adverse conditions complained of were 'sufficiently serious,' such that the acts or omissions of prison officials giving rise to these conditions deprived the prisoner of a 'minimal civilized measure of life's necessities,'" and (2) "prison officials were deliberately indifferent to the adverse

---

[5] Although neither party has briefed the issue, the Court notes that, because the CCDOC is a department within the Cook County Sheriff's office, and because an official capacity claim is merely a means of suing the underlying governmental entity, Plaintiff is attempting to sue the same entity twice. Courts within this district have previously dismissed such duplicative official capacity claims against the lower-level defendant. *See Hildreth v. Cook Cty.*, No. 08-C-3506, 2010 WL 1656810, at *4 (N.D. Ill. Apr. 23, 2010) (dismissing an official capacity claim against the Executive Director of the CCDOC, noting that her inclusion "adds nothing to [the plaintiff's] claim against the sheriff's office."). Here, the inclusion of Defendant Smith adds nothing to Plaintiff's official capacity claim against the Sheriff's office, because Plaintiff has already sued Sheriff Dart. Because Defendant Smith has also been named in her individual capacity, however, dismissing the official capacity claim against her would not remove her from this litigation.

9

conditions." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664–65 (7th Cir. 2010) (quoting *Farmer*, 511 U.S. at 834). In addition, proving deliberate indifference under *Monell* requires that a plaintiff demonstrate "the existence of an official policy or other governmental custom" by pointing to "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice so permanent and well-settled that it constitutes a custom or practice [of denying constitutional rights]; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Teesdale v. City of Chi.*, 690 F.3d 829, 833–34 (7th Cir. 2012) (citing *Estate of Sims v. Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007)) (internal quotation marks omitted).

Plaintiff argues that his complaint alleges sufficient factual matter to sustain a "widespread practice" *Monell* claim. Pl.'s Resp. at 5–7, ECF No. 56. While there are no "bright-line rules defining a 'widespread custom or practice,'" a complaint must allege that "there is a policy at issue rather than a random event." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009). To meet this requirement, the plaintiff must allege more than one, and sometimes more than three, instances of misconduct. *Id*. Finally, in conditions of confinement cases, it is sufficient to allege that an official practice "creat[ed] the conditions at the jail and permitt[ed] them to persist." *Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013).

Plaintiff alleges that Defendants engaged in a pattern of "ignor[ing] court decrees, guidelines[,] and directives, and insufficiently respond[ing] to correct or alleviate" the alleged conditions at the CCJ, even though they had "notice [of the

10

conditions] from Brown and other inmates." Am. Compl. ¶ 29. Plaintiff's complaint clearly describes a constitutional deprivation,[6] and he alleges that Defendants—each of whom had responsibility for overseeing the CCJ—perpetuated a custom of turning a blind eye to those conditions. Although Plaintiff does not detail the number of times that he and other inmates experienced each condition, it is reasonable to infer that the conditions persisted at least from February through November of 2014, which is sufficient to allege "that there [was] a policy at issue rather than a random event." *Thomas*, 604 F.3d at 306; *see also Bradford v. City of Chi.*, No. 16 C 1663, 2017 WL 2080391, at *4 (N.D. Ill. May 15, 2017) (finding allegations of longstanding jail conditions sufficient to implicate a widespread practice, even where plaintiff spent less than a day in the jail).

In addition, while it is true that some of Plaintiff's allegations are expressed in terms specific to his personal experience, such as when he describes his cell's insufficient heating, his complaint alleges that his experiences were representative within Division 6. *See* Am. Compl. ¶ 29 (referring to the "deplorable conditions in Division 6 suffered by Brown *and others* . . . .") (emphasis added). These allegations of general impact are buttressed still further by the very nature of the conditions

---

[6] For the first time in their reply, Defendants briefly contest the objective seriousness of the deprivations alleged in support of Plaintiff's official capacity claims. Defs.' Reply at 9, ECF No. 58. An overview of relevant case law indicates, however, that Plaintiff's allegations are sufficient in this regard. *See, e.g., Smith*, 803 F.3d at 312 (finding allegations of pest infestation and nutritionally inadequate food sufficiently serious to implicate the Eight Amendment in an official capacity suit); *Budd*, 711 F.3d at 843 (finding allegations of inadequate bedding and heating sufficiently serious to survive a motion to dismiss because determinations of such injuries "generally require[ ] the development of a factual record"); *Antonelli,* 81 F.3d at 1431 (finding allegations of a pest infestation sufficiently serious to survive a motion to dismiss).

11

themselves. In a jail where group facilities like "toilets, sinks[,] and showers were inoperable for long periods of time," Am. Compl. ¶ 20, it is at least plausible that multiple inmates would necessarily have been affected. A pest infestation extending from Plaintiff's cell through "the living quarters and . . . in the cells and dayroom" is also unlikely to affect Plaintiff in isolation. *Id.* ¶ 21. Drawing reasonable inferences in Plaintiff's favor, as the Court must upon review of a motion to dismiss, it is no stretch to conclude that the alleged conditions affected many inmates on a widespread basis.[7]

In sum, because Plaintiff has alleged conditions within Division 6 that deprived him of his Eighth Amendment rights, and because he has alleged that Defendants had a tacit widespread practice of ignoring those conditions and the risks they posed to Plaintiff and other inmates, the Court finds that the First Amended Complaint has stated official capacity claims against Defendants.

---

[7] This line of analysis points towards an underlying commonality between individual and official capacity liability for conditions of confinement. At the motion to dismiss stage, there appears to be little practical difference in analyzing an individual capacity claim and an official capacity claim against the same defendant, where the former is premised on systemic conditions and the latter is premised on a "widespread practice" under *Monell*. In other words, where, as here, a plaintiff has described prison conditions so systemic as to implicate the subjective awareness of senior jail officials, it is quite likely that those same allegations would also imply a widespread custom or practice of deliberate indifference. The Seventh Circuit has observed a similar interplay between individual and official capacity claims under the first *Monell* prong. *See Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998) (noting that a successful official capacity claim would have also alleged individual liability "if the supervisor personally [had] devised a deliberately indifferent policy that caused a constitutional injury"). At least one district court decision has acknowledged the same interaction for the second *Monell* prong. *See Crockwell v. Dart*, No. 13 C 4880, 2013 WL 6796788, at *3–4 (N.D. Ill. Dec. 23, 2013) (finding that plaintiff stated both individual and official capacity claims where the complaint alleged a widespread custom or practice of ignoring systemic ADA noncompliance).

Accordingly, the motion to dismiss is denied with respect to Plaintiff's official capacity claims.

## Conclusion

For the reasons stated herein, the Court denies Defendants' motion to dismiss [52]. At the next status hearing, the parties shall be prepared to set firm deadlines in this long-pending lawsuit.

**IT IS SO ORDERED.**                    ENTERED   7/28/17

_____
**John Z. Lee
United States District Judge**